# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**OSCAR CONTRERAS AGUILAR,**

     **Plaintiff,**

     **v.**                               **Case No.:  5:25-cv-00396-MSS-PRL**

**DONALD J. TRUMP, ATTORNEY GENERAL OF THE UNITED STATES, WILLIAM K. MARSHALL, WARDEN E. K. CARLTON, and SHANNON D. WITHERS,**

     **Defendants.**

                                   /

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion to Reconsider Order ("Motion to Reconsider," Doc. 78), which seeks reconsideration of the Court's Order (Doc. 67) denying Plaintiff's Second Motion for Temporary Restraining Order and Motion for Hearing on Second Motion for Temporary Restraining Order. Also pending is Plaintiff's Motion for a Ruling on Plaintiff's Pending Motion to Reconsider. ("Motion to Rule," Doc. 92). For the reasons set forth below, the Motion to Reconsider is **DENIED,** and the Motion to Rule is, by entry of the instant Order, **GRANTED**.

District courts are afforded considerable discretion to reconsider prior decisions. *See Harper v. Lawrence Cnty.*, 592 F.3d 1227, 1231–32 (11th Cir. 2010) (discussing reconsideration of interlocutory orders); *Lamar Advert. of Mobile, Inc. v. City of Lakeland*,

189 F.R.D. 480, 488–89, 492 (M.D. Fla. 1999) (discussing reconsideration generally and under Federal Rule of Civil Procedure 54(b)); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (discussing reconsideration under Rule 59(e) and Rule 60(b)). Courts in this District recognize "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quotation omitted); *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-cv-1639-Orl-31KRS, 2007 WL 2096975, at *1 (M.D. Fla. July 20, 2007). "Reconsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000).

In her Motion to Reconsider, Plaintiff fails to establish any of the three grounds that would warrant reconsideration. Therefore, she has failed to meet her burden. Plaintiff is reminded that the Second Motion for Temporary Restraining Order was denied without prejudice pending the resolution of the class action in *Kingdom v. Trump*, Case No. 1:25-cv-691-RCL (D.D.C.). *See* Doc. 67 at 2.

Therefore, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motion to Reconsider (Doc. 78) is **DENIED,** and the Motion to Rule (Doc. 92) is, by entry of the instant Order, **GRANTED**.

Further, by Order dated May 28, 2026, the Bureau of Prisons was directed to provide a declaration from the R&D staff member or members responsible for

searching Plaintiff's legal folder. (Doc. 88 at 8–10, 24). On June 10, 2026, Defendants submitted declarations from Unit Manger Jaymar Jamanca (Doc. 90-1) and Collateral Movement Officer Joshua Reeves (Doc. 90-2). Plaintiff filed a response requesting, *inter alia*, that the Defendants provide Plaintiff copies of her legal documents that are no longer in her folder. (Doc. 93). Upon due consideration, Plaintiff's Motion is **GRANTED** to the extent that the BOP shall provide Plaintiff the following documents: (1) Matthew Barber's Declaration (Doc. 49-7 at 1–4) and (2) Matthew Barber's Declaration (Doc. 76-1 at 1–4).

This case remains **ADMINISTRATIVELY CLOSED.**

**DONE** and **ORDERED** in Tampa, Florida on July 21, 2026.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
Pro Se Party
Counsel of Record

3