UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

OSCAR CONTRERAS AGUILAR,

      Plaintiff,

    v.                            Case No.:  5:25-cv-00396-MSS-PRL

DONALD J. TRUMP, ATTORNEY
GENERAL OF THE UNITED
STATES, WILLIAM K.
MARSHALL, WARDEN E. K.
CARLTON, and SHANNON D.
WITHERS,

      Defendants.

                            /

ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's motions titled "Emergency Pleading [and] Request for Help ASAP" (Doc. 102) and "Second Emergency Motion for Further Relief [and] Intervention" (Doc. 103). Both motions were signed and dated by Plaintiff on August 5, 2026, and received by the Court on August 10, 2026.

The first motion (Doc. 102) states that since she has been in the Special Housing Unit ("SHU") she has been sexually harassed and assaulted by two different cellmates. She claims that her current cellmate, assigned on July 29, 2026, has forced her to do drugs, has forced her at "knife/shank point" to give him oral sex, has given her "hickies" on her neck, and has forcibly raped her. *Id*. at 1. Plaintiff noted that the rape occurred "Last night (8-3-26) at around 1 am." *Id*. Plaintiff has sought assistance from

correctional officers and the SHU psychologist, but they ignore her. *Id.* at 1–2. She claims her previous cellmate also raped her, but she was not separated from him until the Court intervened. *Id.* at 2. The second motion, (Doc. 103), contains similar claims.

Prior to the receipt of these motions, on July 28, 2026, the Court ordered the Warden to file an update, *inter alia*, advising the Court of Plaintiff's current status. (Doc. 97).[1] Before the Warden's response was due, Plaintiff's "Emergency Pleading/Motion/Serious Emergency" (Doc. 98) was docketed on August 6, 2026. That motion was signed and dated August 1, 2026. (Doc. 98 at 2). Due to the allegations in that motion, the Court ordered the Warden to respond as previously ordered by the end of the day of August 7, 2026, or to "notify the Court that Plaintiff has been segregated from the cellmate who is threatening her currently." (Doc. 100). The Warden responded and noted that Plaintiff had been separated from both cellmates and two PREA investigations have been initiated. (Doc. 101 at 1–2). Next, on August 11, 2026, the Warden filed the full response as ordered on July 28, 2026, noting that Plaintiff was separated from the second cellmate on August 6, 2026, and she remains separated from both cellmates. (Doc. 106 at 2).

The Warden's response also addressed Plaintiff's prior claim that she was sent to the SHU in retaliation for filing grievances related to non-compliance of the *Kingdom* injunction. *See* Doc. 96. The Warden advised that Plaintiff was placed in the

---

[1] This Order was in response to Plaintiff's first Emergency Motion for Intervention and/or Relief (Doc. 96), wherein Plaintiff alleged her first cellmate "harassed her, groped her butt, solicited sexual favors, and pulled out his erected penis while soft pressing plaintiff into sucking it, numerous times" and stated that she feared her cellmate would escalate his conduct.

SHU pending the investigation of an incident where Plaintiff approached another inmate with an object, identified by the other inmate as a shank, in a threatening manner. *See* Doc. 106 at 1. Video evidence of the approach was provided.

Upon due consideration, Plaintiff's Motions (Docs. 102 and 103) are **DENIED** as the claims raised fall outside of the Court's jurisdiction. Plaintiff's claims regarding the two cellmates in the SHU have been resolved as she has been separated from them and has been transferred to a different cell. While Plaintiff claims she was initially transferred to the SHU in retaliation for filing grievances, that allegation has been refuted by the Warden's response and the SIS investigation which show the transfer was for perceived disciplinary concerns. Finally, to the extent Plaintiff claims she has been sexually assaulted while in the SHU and that the correctional officers have been deliberately indifferent to her safety, those claims are separate and unrelated to the claims in the Amended Complaint currently before this Court .

Therefore, Plaintiff has not properly invoked the Court's authority as to those matters. The pendency of this action is not an open portal to all claims of BOP misconduct allegedly occurring during Plaintiff's incarceration. Should Plaintiff choose to pursue those claims, she will have to file separate lawsuits, after exhausting administrative remedies and satisfying any other prerequisites to suit.

This case remains **ADMINISTRATIVELY CLOSED.**

**DONE** and **ORDERED** in Tampa, Florida on August 12, 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

3

Copies to:
Pro Se Party
Counsel of Record